UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANNE CHAVEZ BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-CV-8965 |
| ORLAND FIRE PROTECTION ) | |
| DISTRICT, a Municipal Corporation, and ) | Judge John W. Darrah |
| JAMES HICKEY, an Individual, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joanne Chavez Buchanan filed a Complaint against Defendant Orland Fire Protection District ("OFPD") and Defendant James Hickey, alleging: (1) deprivation of her civil rights pursuant to 42 U.S.C. § 1983; (2) retaliatory discharge under Illinois law; and (3) discharge in violation of Local Governmental Employees Political Rights Act, under 50 ILCS 135/10. Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## BACKGROUND

According to her Complaint, Plaintiff "was employed by Defendant OFPD from 2008 through approximately June 15, 2011," when Plaintiff alleges she was unlawfully

terminated. (Compl. ¶¶ 9-10.) Plaintiff was the Director of Human Resources at OFPD.[1] (Pl. Resp. at 4.) Plaintiff alleges she was terminated for voicing her concerns about patronage hiring within the OFPD. (Compl. ¶ 12.) Defendant James Hickey was elected President of the OFPD Board of Trustees on May 16, 2011. (Compl. ¶ 13.) According to Plaintiff, she was required to hire seven summer interns identified by Defendant Hickey. (Compl. ¶ 17.) These intern candidates included two minor children of Cook County Commissioner Elizabeth Doody Gorman and a minor child of a campaign contributor to Commissioner Gorman's group, "The Gorman Group for Better Government." (Compl. ¶¶ 17-18.) Because these intern candidates were minors, Plaintiff believed they were ineligible for the Summer Internship Program, which required interns to be age 18 or above and college-bound. (Compl. ¶¶ 23-24.) Plaintiff voiced her objections to the hiring of these intern candidates to Defendant Hickey and, nonetheless, was ordered by Hickey to hire the candidates. (Compl. ¶ 24.) Plaintiff alleged the hiring of these externs was politically motivated. (*Id.*)

Plaintiff also voiced concerns over the hiring of Joan Pickens as a receptionist for the OFPD. Plaintiff alleges she was required by the OFPD Board of Trustees to hire Pickens as receptionist, regardless of Pickens' performance during an interview and despite discovering during the interview that Pickens lacked the necessary skills to fill the

---

[1] Although the nature of Plaintiff's employment is not specifically set out in her Complaint, Plaintiff's response brief identifies her job title and part of her employment duties. (Resp. at 4.) Plaintiff's factual allegations asserted in the Response brief may also be considered in ruling on a motion to dismiss. "The facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they 'could be proved consistent with the allegations.'" *Dausch v. Ryske*, 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

2

position. (Compl. ¶¶ 25-26.) Plaintiff also expressed concern about Pickens' being hired without having to submit to a drug test or a background check, as was the normal OFPD application and hiring process. (Compl. ¶ 41.) On June 15, 2011, Plaintiff was fired and told her termination was a cost-cutting measure; however, when Plaintiff offered to take a pay-cut, her offer was rejected. (Compl. ¶¶ 37-38.)

Plaintiff alleges she was terminated in retaliation of her speaking out against the hiring of the individuals, as described above, in violation of her right to free political speech under the First Amendment. (Compl. ¶ 44.)

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

### *Count I – Deprivation of Civil Rights*

Defendant argues Count I of Plaintiff's Complaint should be dismissed because Plaintiff, in voicing her concerns about the hiring practices, spoke in her professional capacity, rather than as a private citizen, and therefore did not engage in constitutionally protected speech. Thus, Defendant argues, Plaintiff fails to make the *prima facie* case for a Section 1983 retaliation claim.

A government employee cannot be retaliated against for exercising her right to constitutionally protected speech. *Hutchins v. Clarke*, 661 F.3d 947, 955 (7th Cir. 2011). In analyzing a Section 1983 retaliation claim of this nature, three factors are considered. First, the court must employ the *Connick-Pickering* test to determine if an employee's speech was constitutionally protected. *Id.* (citing *Phelan v. Cook County*, 463 F.3d 773, 790 (7th Cir. 2006). Second, the court must determine if the plaintiff's speech was a "substantial or motivating factor" in the alleged retaliation. *Id.* Finally, if these first two steps are met, the defendant may "establish that the same action would have been taken in the absence of the employee's protected speech." *Id.*

Before employing this three-part test, a preliminary question must be answered: "was the expression [at issue] something done pursuant to the employee's professional duties?" *Davis v. Cook County*, 534 F.3d 650, 653 (7th Cir. 2008) (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006) (*Garcetti*)). The Supreme Court in *Garcetti* held that

4

when an employee speaks as a citizen on a matter of public concern, there is a possibility of a First Amendment claim. *Garcetti*, 547 U.S. at 418. However, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421. Therefore, if Plaintiff's statements were made pursuant to her official duties as Director of Human Resources of the OFPD, her statements are not constitutionally protected, and Plaintiff fails to make the *prima facie* case for a Section 1983 retaliation claim.

In Plaintiff's Complaint, she attempted to avoid analysis under *Garcetti* by failing to mention her position with the OFPD – Director of Human Resources.[2] Instead, Plaintiff argues that her speaking out against the hiring practices was part of her right to free political speech under the First Amendment. (*See* Compl. ¶ 44.) However, "[w]hen determining whether a plaintiff spoke as an employee or as a citizen, [the Seventh Circuit] take[s] a practical view of the facts alleged in the complaint, looking to the employee's level of responsibility and the context in which the statements were made." *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008) and affirming district court's granting a motion to dismiss). All of the allegations in Plaintiff's Complaint relate to duties she fulfilled in her role as Director of Human Resources. As Director of Human Resources, Plaintiff would necessarily be actively involved in the interviewing and hiring processes in her office; these functions are also reasonably inferred from other allegations in the Complaint.

---

[2] *See supra* n. 1.

When Plaintiff voiced concerns about some of the job candidates' qualifications, this speech was made specifically in her role as Director of Human Resources. Plaintiff was not simply opining about "political patronage" when she spoke about these candidates; she was giving her professional opinion about their qualifications as a necessary function of her job. The determination as to whether or not a candidate is qualified to fulfill a position of employment is a basic duty and within the scope of the position of a Human Resources Director.

While Plaintiff contends she spoke out about matters of public concern relating to political patronage, her Complaint states she was speaking out, specifically, about the questionable hiring of various job candidates. The statements Plaintiff made were pursuant to her duties as an HR director, "not as a citizen 'contributing to the civic discourse.'" *Speigla v. Hull*, 481 F.3d 961, 966 (7th Cir. 2007) (quoting *Garcetti*, 547 U.S. at 422, and explaining that the plaintiff's speech was not protected, as plaintiff "did not make a public statement, discuss politics with a coworker, write a letter to newspapers or legislators, or otherwise speak as a citizen."). Because Plaintiff's statements were made in the context of her role as the Director of Human Resources, and not simply as a private citizen, this speech was not constitutionally protected. Thus, Plaintiff fails to state a *prima facie* claim under Section 1983 for retaliation. Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is granted.

*State-Law Claims*

In any civil action, the district court shall have supplemental jurisdiction over all other claims that are so related to claims within its original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Plaintiff asserts federal jurisdiction over her state-law claims (Counts II and III) pursuant to this supplemental jurisdiction provision. (Compl. ¶ 7.) However, the district court may decline to exercise supplemental jurisdiction over any other claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court has dismissed Plaintiff's Section 1983 claim, Count I, and, therefore, declines to exercise supplemental jurisdiction over her state-law claims.

## CONCLUSION

Based on the foregoing analysis, Defendants' Motion to Dismiss Count I is granted, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

Date: 5-3-12

JOHN W. DARRAH
United States District Court Judge